UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
- 4097.9234 EA Cosmos
- 0.01423751 EA Ethereum

Misc. No.: 2:24-mc-50764
**Honorable:** Terrence G. Berg

**Stipulation and Order Extending United States' Time to File Forfeiture Complaint and to Toll the Civil Filing Deadline**

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and Jospeh Hugh ("claimant"), by and through his attorney, Mark J. Kriger, as follows:

1. On March 20, 2024, the U.S. Customs and Border Protection ("CBP") seized the following property:

    • 4097.9234 EA Cosmos

    • 0.01423751 EA Ethereum

    (referred to herein as the "Subject Property").

2. The Parties acknowledge and stipulate that CBP provided notice as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to administratively forfeit the Subject Property to all known interested parties, including to the claimant.

3. The claimant filed a claim with CBP in the administrative forfeiture proceeding regarding the Subject Property. No other person has filed a claim to the

Subject Property in the administrative forfeiture proceeding.

4. CBP referred the administrative claim to the United States Attorney's Office for civil judicial forfeiture proceedings.

5. Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

(a) file a complaint for forfeiture against the claimed property,

(b) return the claimed property, or

(c) include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties. In this case, the 90-day deadline would be **August 4, 2024**.

6. As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) and (B), and to toll the deadline, to provide the parties a reasonable and sufficient period in which to evaluate their respective interests in and positions regarding the Subject Property.

7. The claimant knowingly, intelligently, and voluntarily gives up any rights he may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United

States to file a complaint for forfeiture against the Subject Property, to return the Subject Property, and/or to include the Subject Property for forfeiture in a criminal action by **August 4, 2024**.

8. The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Subject Property, to return the Subject Property, and/or to include the Subject Property for forfeiture in a criminal action to toll the civil filing deadline shall be extended **131 days** from **August 4, 2024** to and including **December 13, 2024**.

9. The claimant waives all constitutional and statutory challenges related to the foregoing extension and gives up any rights he may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings were not timely commenced. The claimant further waives and agrees to the tolling of any rule or provision of law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the Subject Property, including, but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

10. The claimant agrees that until the United States files a complaint for forfeiture against the Subject Property and/or alleges forfeiture of the Subject Property in a criminal action, or until **December 13, 2024**, whichever occurs first, the Subject Property shall remain in the custody of the United States and the

3

claimant shall not seek its return for any reason in any manner.

11. By signing below, Mark Kriger declares that prior to signing this Stipulation, he provided a copy of it to the claimant, reviewed it with the claimant, consulted with the claimant regarding its contents, answered any questions the claimant had about it, determined that the claimant understands its terms and is aware of his rights in this matter, and the claimant authorized Mark Kriger to sign this Stipulation.

12. By their signatures below, the Parties agree to all of the terms and conditions stated herein.

Approved as to form and substance:

Dawn N. Ison
United States Attorney

| S/Adriana Dydell | S/ Mark Kriger (with consent) |
|---|---|
| Adriana Dydell (CA 239516) | Mark Kriger |
| Assistant United States Attorney | Attorney for Joseph Hugh |
| 211 W. Fort Street, Suite 2001 | LaRene & Kriger, PLC Franklin |
| Detroit, MI 48226 | 645 Griswold Street, Suite 1717 |
| (313) 226-9125 | Detroit, MI 48226 |
| Adriana.Dydell@usdoj.gov | (313) 967-0100 |
|  | mkriger@sbcglobal.net |
| Dated: July 16, 2024 | Dated: July 16, 2024 |

**IT IS SO ORDERED.**

Date: July 19, 2024         s/Terrence G. Berg_____
                            UNITED STATES DISTRICT JUDGE

4